UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RUKHSANA Y. AGHA,                            :
                                             :
                        Plaintiff,           :
                                             :
           -against-                         :   **SUMMARY ORDER OF REMAND**
                                             :   19-CV-00478 (DLI) (RER)
JOSE L. RAMIREZ and JB HUNT TRANSPORT         :
INC.,                                        :
                                             :
                        Defendants.          :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 24, 2019, Jose L. Ramirez and JB Hunt Transport Inc. ("Defendants") removed this action from New York State Supreme Court, Queens County, to this Court. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded to state court *sua sponte*.

## BACKGROUND

On December 7, 2018, Rukhsana Y. Agha ("Plaintiff") filed a verified complaint in state court, alleging a negligence claim against Defendants relating to injuries arising out of a motor vehicle accident in Montgomery, New York. Complaint ("Compl."), Dkt. Entry No. 1 ¶¶ 9-15. Plaintiff alleges that she sustained "severe and permanent personal injuries," as well as "serious injuries and economic loss greater than basic economic loss as defined by § 5104 of the Insurance Law of the State of New York." *Id*. ¶¶ 16, 18. Plaintiff further alleges that she "is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances of this this action." *Id*. ¶ 19.

On January 24, 2019, Defendants removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice ¶ 5. Defendants assert that "matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* Neither the Complaint nor the Notice contains any allegations of fact that establish the amount in controversy. Thus far, Plaintiff has not filed a motion for remand. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction and the case is remanded to state court for further proceedings.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

A party seeking to remove a case based on diversity jurisdiction "must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Such requirements include establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See*, *Lupo*, 28 F.3d at 273-74 ("[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in

2

controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.").

In this case, Defendants fail to meet their burden to show that the jurisdictional amount required for diversity jurisdiction has been satisfied. When invoking diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The Notice does not include any details as to Plaintiff's injuries or medical procedures. Defendants' bald contention that "the matter in controversy exceeds the sum or value of $75,000" is insufficient to establish the amount in controversy. Notice ¶ 5.

Additionally, the Complaint is silent on damages and lacks information concerning the extent of Plaintiff's injuries. The Court is left to guess at the amount in controversy based on the Plaintiff's general allegations that she suffered "serious injuries as defined by § 5102(d) of the Insurance Law of the State of New York," and "serious injuries and economic loss greater than basic economic loss as defined by § 5104 of the Insurance Law of the State of New York." Compl. ¶¶ 17-18. Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See, Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages."). Moreover, under Article 51 of New York Insurance Law, "basic economic loss" means "up to fifty thousand dollars per person." N.Y. Ins. Law § 5102(a). Thus, "economic loss greater than basic economic loss" does not, in and of itself, satisfy the required

3

jurisdictional amount.  Compl. ¶ 18.

Furthermore, Plaintiff's claim that she "has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" does not establish the amount in controversy.  *Id.* ¶ 21.  The mention of "lower courts" in the Complaint is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000.  *See, Woodley v. Mass. Mutual*, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts").  That Plaintiff chose to file her case in the state court with no jurisdictional limit in no way supports the conclusion that the matter in controversy exceeds $75,000.

Based on the information contained in the Complaint and the Notice, the Court finds that Defendants' allegations are insufficient to establish the jurisdictional threshold amount for diversity jurisdiction under 28 U.S.C. § 1332(a).  The Court notes that Defendants were not without recourse to determine the amount of damages Plaintiff seeks.  "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).  Pursuant to N.Y. C.P.L.R. § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled."  If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served."  *Id.*

Rather than prematurely removing the action to this Court, Defendants should have availed themselves of the appropriate statutory provision, pursuant to which the state court, on motion, could order Plaintiff to respond to a demand for total damages.  *See, Noguera*, 2011 WL 5117598,

at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Accordingly, the Court finds, based on the paucity of information contained in the Complaint and the Notice, that Defendants have failed to establish that the value of Plaintiff's claim exceeds $75,000. As the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, remand to state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 718780/2018, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
October 21, 2020

/s/
DORA L. IRIZARRY
United States District Judge